{¶ 37} I concur with the majority's disposition of all but the third assignment of error. I respectfully dissent on the issue of sufficiency of the evidence as it relates to the kidnapping conviction. The majority finds that S.P.'s testimony that she could not move is sufficient to show kidnapping. The state maintains that the fact that the victim was in the bathroom with the door closed constituted kidnapping, separate and apart from the act constituting gross sexual imposition.
 {¶ 38} The record reflects that the victim lived with her grandmother, but often stayed with her aunt while her mother was incarcerated. Her aunt lived with her fianc É, Manning, and their two children. On the morning of the incident, Manning gave the victim a bath. The aunt was asleep in the bedroom at the time of the incident. A family friend, who did not testify, was in the apartment, as well as the victim's brother and two cousins. The victim testified that Manning asked her if he could give her a bath. Manning, in his statement to police, claimed that the victim asked him to give her a bath.
 {¶ 39} The victim testified that the bathroom door was shut and that Manning shut the door "because he didn't want anybody to see." There was no testimony whether Manning had ever given the victim a bath before. The victim testified that Manning asked her to give him a hug, pulled down his shorts, and "put his private on mine" although she had already dressed and had underwear on. She testified that she could move while on his lap, but that *Page 16 
she could not move when his private part was touching her private part because it would hurt more. The victim said "ouch," and Manning stopped. Then the victim's brother knocked on the bathroom door, and Manning and the victim went into the living room.
 {¶ 40} The apartment was a one-bedroom apartment with a living room, kitchen and one bathroom. The aunt testified that the bathroom was near the bedroom where she was sleeping, but she had not heard anything unusual.
 {¶ 41} I find the instant case to be closely analogous to State v.O'Neal, Cuyahoga App. No. 83393, 2004-Ohio-2862. In O'Neal, we stated that, based on the evidence presented at trial, we would not find that the defendant "restrained" the victim as required under R.C. 2905.01. This court has previously found that "to restrain" means "to limit one's freedom of movement in any fashion for any period of time." Id. citingState v. Wingfield (Mar. 7, 1996), Cuyahoga App. No. 69229. We found that the state failed to produce any evidence that the defendant's acts of "touching" limited the victim's freedom of movement because the victim testified that she removed the defendant's hand from her thigh and pulled her hand away from his grasp. Id.
 {¶ 42} Merely closing a bathroom door, an act most every person does when entering a bathroom, does not "restrain" or limit the child's movement for any period of time sufficient to prove kidnapping under the facts presented in the instant case.
 {¶ 43} Therefore, I would vacate the kidnapping conviction and the eight-year sentence on that charge. *Page 1